C. Alex Naegele (Cal. Bar. No. 255887)
**C. ALEX NAEGELE,**
**A PROFESSIONAL LAW CORPORATION**
19925 Stevens Creek Blvd, Suite 100
Cupertino, CA, 95014
Telephone: (408) 883-8994
Facsimile: (408) 490-3033
Email: alex@canlawcorp.com

[Proposed] Attorney for Debtors-in-Possession
SUNIL K VETHODY AND BINDU VETHODY

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

|  |  |
|---|---|
| In re:<br><br>SUNIL K VETHODY AND<br>BINDU VETHODY,<br><br>            Debtors-in-Possession | Case No. 18-51436 SLJ<br><br>Chapter 11<br><br>**APPLICATION OF DEBTORS TO EMPLOY C. ALEX NAEGELE, A PROFESSIONAL LAW CORPORATION AS GENERAL BANKRUPTCY COUNSEL AND FOR AUTHORITY TO PAY POST-PETITION RETAINER**<br><br>Date:      May 4, 2021<br>Time:      2:00 p.m.<br>Courtroom:  Tele/Videoconference<br>Judge:    Hon. Stephen L. Johnson |

**TO THE HONORABLE STEPHEN L. JOHNSON, BANKRUPTCY JUDGE:**

      Sunil K Vethody and Bindu Vethody, the debtors and debtors in possession in the above-captioned case (the "Debtors") hereby submit their Application to Employ C. Alex Naegele, A Professional Law Corporation (the "Firm") as general bankruptcy counsel, and for authority to pay post-petition retainer (the "Application"). The Firm is located at 19925 Stevens Creek Blvd, Suite 100, Cupertino, CA, 95014. This Application is brought pursuant to section 327(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of

Case: 18-51436   Doc# 205   Filed: 04/08/21   Entered: 04/08/21 15:45:54   Page 1 of 8

the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Guidelines of the Office of the United States Trustee ("UST Guidelines."). The facts supporting this Application are set forth in the *Declaration Of C. Alex Naegele In Support Of Application Of Debtor To Employ C. Alex Naegele, A Professional Law Corporation As General Bankruptcy Counsel And For Authority To Pay Post-Petition Retainer* ("Declaration of C. Alex Naegele") filed concurrently herewith.

## I.    JURISDICTION

The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   STATEMENT OF THE CASE

### A.    General Background

The Debtors filed the instant case in 2018, primary to save the Debtor's primary residence. The Debtors employed Matthew D Metzger of Belvedere Legal PC to help prosecute this case. Substantial progress was made with the Debtor's primary lender, including stipulations to value and payment of arrears. However, the case faced some difficulties during plan confirmation, primarily due to the Debtors tax debts.

Matthew D Metzger of Belvedere Legal PC secured a motion to withdraw as counsel, which was granted in January, 2021. Thereafter, the Court advised the Debtors to retain new counsel, or else this case would be dismissed.

The Debtors appreciate the work done by prior counsel and do not want to lose the stipulations with the Debtor's primary lender. Therefore, instead of dismissing this case, the Debtor's now seek, through this application, to hire a bankruptcy tax specialist to see if it is possible to confirm a plan, while keeping the existing stipulations with the lender in place.

III.     THE COURT SHOULD AUTHORIZE THE DEBTOR TO RETAIN THE FIRM
AS GENERAL BANKRUPTCY COUNSEL

   A.     **The Firm's Qualifications And Expertise**

   The Debtor seeks approval to retain C. Alex Naegele, A Professional Law Corporation
(the "Firm"), at the expense of the estate, to provide the legal services that will be required to
guide and prosecute this chapter 11 case. The Debtor desires to retain the Firm because of its
experience in the areas of bankruptcy law, tax and accounting, and other debtor/creditor matters.

   The Firm is well versed in business bankruptcy and complex matters, having been
involved with the following complex cases:

   - Case No. 19-51094 MEH – *In re Amir Safakish* - The Firm served as general
bankruptcy counsel to this individual Debtor-in-Possession, similar to the case at bar, and
successfully moved to sell the real property to avoid a default. After competing chapter 11 plans
were filed, the Court ultimately confirmed the creditors plan. The Debtor complied with the
creditors plan, and the case was successfully resolved. Plan confirmed: September 2, 2020.

   - Case No 17-30515-HLB – *In re Montgomery Sansome, LP* – The Firm was general
bankruptcy reorganization counsel to this small business corporate debtor. After numerous first
day motions, and three lengthy mediations, the case was successfully confirmed on June 4, 2018.

   - Case No. 2:16-bk-13575-TD (Los Angeles) – *In Re Liberty Asset Management
Corporation*. The Firm was the chair of the committee of general unsecured creditors,
representing all creditors in the large chapter 11 case, including communicating regularly with
committee counsel Pachulski, Stang, Ziehl & Jones LLP and the committee's forensic
accountants, Development Specialists, Inc. Plan confirmed: June 18, 2018

   - Case No. 14-52222 – *In re Dene and Melodie Bustichi* – The Firm was the fourth
attorney to be involved in the case as general bankruptcy reorganization counsel, and was hired
after a chapter 11 trustee was appointed to the case. The Firm worked with the chapter 11 trustee
to confirm a chapter 11 plan. A chapter 11 plan was ultimately confirmed in this case at a
confirmation hearing held on June 21, 2017.

- Case No. 14-54232, formerly Bk No. 12-46534. *In re Pacific Thomas Corporation*. The Firm served as counsel to the equity security holders with issues involving defending insider transfers in an adversary proceeding brought by the chapter 11 trustee, filing administrative proofs of claim for work done post-petition, maximizing value to the equity security holders, and tax issues.

In addition, this case requires the experience of a bankruptcy tax specialist. The Firm's principal attorney, holds an LL.M. in Taxation, and has prosecuted numerous bankruptcy tax cases in bankruptcy court, as follows:

- Adv. Pro. No. 13-05078 – *Cote v. Employment Development Department* - In this case, the firm filed an adversary proceeding to determine dischargeability of certain employment related tax claims. After numerous rulings, appeals, and prosecutions in bankruptcy court, district court, the Ninth Circuit, and back again, all taxes were ultimately determined to be discharged.

- Adv. Pro. No. 13-04040 – *Young v. Untied States of America, et. al* – In this case, the Firm filed an adversary proceeding to determine dischargeability of debts against the IRS and the Franchise Tax Board. After lengthy litigation, the Debtor settled with the IRS and stipulated that certain taxes were dischargeable.

- Adv. Pro. No. 13-04121 – *Gomez v. California Franchise Tax Board* – This case likewise involved dischargeability of tax issues, which were successfully resolved in favor of the Debtor.

Additionally numerous cases, have tax aspects to them, including chapter 11 administrative priority taxes to be paid (19-51094 – *In re Amir Safakish*), the ability to pay priority taxes over greater than 5 years outside of bankruptcy, thereby justifying dismissal (19-30003 – *In re Koliatsis*), whether S corporation election revocation shifts taxes to the estate or the K-1 partners (14-54232 – *In re Pacific Thomas Corporation)* and of course tax dischargeability following discharge (20-50009 – *In re Waterloo*).

C. Alex Naegele, Esq. the primary attorney of C. Alex Naegele, A Professional Law Corporation, has been nominated as a Super Lawyer rising star in the field of business bankruptcy law from 2016 to present.   Further, C. Alex Naegele, Esq. holds an LL.M. in Taxation from New York University School Of Law.   The Firm's depth of experience in bankruptcy law, tax and accounting, and other debtor/creditor matters makes it qualified to represent the Debtor.   Therefore, the Debtor believes that the retention of the Firm is in the best interest of its bankruptcy estate. The Firm's services are necessary to enable the Debtor to faithfully execute its duties as debtor in possession.

**B.**    **Legal Services To Be Provided**

The Debtor seeks to employ the Firm as general bankruptcy counsel effective as of the date the Court enters the order approving this Application.  The professional services which the Firm will render to Debtor in connection with this Chapter 11 Case, without being exhaustive, include:

a)    to assist, advise, and represent Debtor in interactions with creditors and interested parties and their attorneys and agents as is necessary during the pendency of this Chapter 11 Case.

b)    to assist, advise, and represent the Debtor in reviewing claims and where necessary objecting to claims;

c)    to assist, advise and represent the Debtor in any issues associated with the acts, conduct, assets, liabilities, and financial condition of the Debtor, and any other matters relevant to this case or to the formulation of the plan(s) or reorganization or liquidation;

d)    to assist, advise, and represent the Debtor in the negotiation, formulation, preparation and submission of any plan(s) of reorganization and disclosure statement(s);

e)    to assist, advise and represent the Debtor in the performance of its duties and the exercise of its powers under the Bankruptcy Code and the Bankruptcy Rules and in the performance of such other services as are in the interest of the Debtor;

f)    to appear at all Bankruptcy Court hearings, U.S. Trustee meeting and meeting(s) of creditors on behalf of the Debtor.

g)     to prepare monthly operating reports and other tax and accounting work;

h)     to assist, advise, and represent the Debtor on litigation matters, as necessary to the reorganization of the Debtor;

i)     to analyze tax claims, and to prepare a chapter 11 plan that complies with all relevant bankruptcy codes vis a vis tax claims;

j)     to object and/or litigate against tax claims, as necessary to the reorganization of the Debtor; and

i)     to provide such other necessary advice and services as the Debtors may require in connection with this case.

The Debtors are not sufficiently familiar with the law to adequately plan and conduct the proceedings herein without competent legal counsel, and they deem it necessary to employ C. Alex Naegele, A Professional Law Corporation to perform all tasks reasonably necessary for representation in this Chapter 11 Case.  The Debtors have selected C. Alex Naegele, A Professional Law Corporation based on the firm's expertise in the bankruptcy and tax field.

### C.     C. Alex Naegele, A Professional Law Corporation's Terms Of Employment

1.     <u>Employment and Retainer</u>**.** The Firm signed a retainer agreement with the Debtors on or about March 31, 2021.  The Debtors have provided the firm with no retainer.  By this Application, the Firm seeks payment of a $15,000 retainer from non-estate funds.  Specifically, the $15,000 retainer is to be paid by the Debtor Sunil K Vethody's limited liability company Maximus Consulting LLC, not from the Debtors' DIP account.

Employment is on an hourly basis, with compensation for services and reimbursement of expenses to be paid pursuant to Sections 328, 330, 331, 503 and 507 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, and the Fee Guidelines promulgated by this Court.

2.     <u>Hourly Rates.</u> Subject to the approval of the Court under applicable provisions of the Bankruptcy Code, the Debtor proposes to pay the Firm at the hourly rates set out below and to reimburse the Firm for its expenses according to its customary reimbursement policies.  The

attorney responsible for this matter is C. Alex Naegele, Esq. whose hourly rate is $300 per hour. Paralegal time is charged at $75 per hour.

3. <u>Compliance With UST Guidelines.</u> C. Alex Naegele, A Professional Law Corporation categorizes its billing into subject matter categories in compliance with the United States Trustee Guidelines ("UST Guidelines"). C. Alex Naegele, A Professional Law Corporation understands that its compensation is subject to prior approval of this Court, after notice and a hearing, in accordance with Bankruptcy Code section 330(a), Bankruptcy Rule 2016, and the UST Guidelines. C. Alex Naegele, A Professional Law Corporaiton may seek interim compensation during the case as permitted by Bankruptcy Code section 331.

**D. <u>Prior Representation And Disinterestedness</u>**

To the best of Debtor's knowledge, and based upon the Declaration of C. Alex Naegele filed concurrently herewith, the Firm is disinterested.

The Firm does not have any connection with the Debtor, any creditors of the estate, any party in interest, their attorneys or accountants, any bankruptcy judge of this Court, the United States Trustee or any person employed in the office of the United States Trustee.

There are no arrangements between C. Alex Naegele and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among members of C. Alex Naegele, A Professional Corporation and its support staff.

To the best of the Debtor's knowledge, and based on the Declaration of C. Alex Naegele, C. Alex Naegele, A Professional Law Corporation does not hold any adverse interest to the Debtor or the estate.

To the best of the Debtor's knowledge and based on the Declaration of C. Alex Naegele, C. Alex Naegele, A Professional Law Corporation a disinterested person under applicable law.

**IV. CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that this Court approve the employment of C. Alex Naegele, A Professional Law Corporation as counsel pursuant to Bankruptcy Code Section 327(a), to render the services described above, and with compensation

Case: 18-51436   Doc# 205   Filed: 04/08/21   Entered: 04/08/21 15:45:54   Page 7 of 8

to be paid in accordance with Bankruptcy Code section 330(a) as an expense of administration pursuant to Bankruptcy Code sections 507(a) and 503(b) in such amounts and at such times as this Court may hereafter determine and allow, and further to authorize a post-petition retainer of $15,000, to be paid from non-estate funds by Debtor Sunil K Vethody's limited liability company Maximus Consulting LLC.

Dated: April 8, 2021     /s/ Sunil K Vethody
              Sunil K Vethody

Dated: April 8, 2021     /s/ Bindu Vethody
              Bindu Vethody

Submitted by:

**C. ALEX NAEGELE,**
**A PROFESSIONAL LAW CORPORATION**

By: /s/ C. Alex Naegele
C. Alex Naegele
[Proposed] Attorney for Debtors-in-Possession
SUNIL K VETHODY AND BINDU VETHODY