C. Alex Naegele (Cal. Bar. No. 255887)
**C. ALEX NAEGELE,**
**A PROFESSIONAL LAW CORPORATION**
19925 Stevens Creek Blvd, Suite 100
Cupertino, CA, 95014
Telephone: (408) 883-8994
Facsimile: (408) 490-3033
Email: alex@canlawcorp.com

[Proposed] Attorney for Debtors-in-Possession
SUNIL K VETHODY AND BINDU VETHODY

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>SUNIL K VETHODY AND<br>BINDU VETHODY,<br><br>        Debtors-in-Possession | Case No. 18-51436 SLJ<br><br>Chapter 11<br><br>**DECLARATION OF C. ALEX NAEGELE IN SUPPORT OF APPLICATION OF DEBTORS TO EMPLOY C. ALEX NAEGELE, A PROFESSIONAL LAW CORPORATION AS GENERAL BANKRUPTCY COUNSEL AND FOR AUTHORITY TO PAY POST-PETITION RETAINER**<br><br>Date:        May 4, 2021<br>Time:       2:00 p.m.<br>Courtroom: Tele/Videoconference<br>Judge:      Hon. Stephen L. Johnson |

I, C. Alex Naegele, hereby declare:

    1.    I am an attorney duly licensed to practice in this State and before this Court, and the primary shareholder and managing partner of the law firm of C. Alex Naegele, A Professional Law Corporation (the "Firm"), the proposed attorney for Sunil K Vethody and Bindu Vethody, the debtors and debtors in possession (the "Debtors") in the above-captioned

DECLARATION OF C. ALEX NAEGELE IN SUPPORT OF APPLICATION TO EMPLOY
C. ALEX NAEGELE, APLC AS GENERAL BANKRUPTCY COUNSEL AND TO PAY POST-PETITION RETAINER - 1
Case: 18-51436   Doc# 205-1   Filed: 04/08/21   Entered: 04/08/21 15:45:54   Page 1 of 7

Chapter 11 case. I have personal knowledge of the facts set forth in this declaration, and if called to testify, would and could testify competently thereto. As to those matters stated on information and belief, I believe them to be true.

2. This Declaration is made in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and submitted in support of the *Application Of Debtor To Employ C. Alex Naegele, A Professional Law Corporation As General Bankruptcy Counsel And For Authority To Pay Post-Petition Retainer* (the "Application") filed concurrently herewith.

3. On June 27, 2018 (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. On July 18, 2018, the Court authorized employment of general bankruptcy counsel (ECF No. 18).

5. On January 14, 2021, the Court authorized withdrawal of the same general bankruptcy counsel (ECF No. 190).

6. On February 4, 2021, the Court advised the Debtors that the Court may dismiss this case if the Debtors do not secure a new general bankruptcy counsel [Docket Text Order 02/04/2021].

7. By and through the Application submitted herewith, the Debtors seek to cure the Court's docket text order by retaining the Firm.

I. **Scope Of Employment And Qualifications**

8. By its Application, the Debtor seeks to employ the Firm as its general bankruptcy counsel effective as of the Petition date. The professional services which the Firm will render to Debtor in connection with this Chapter 11 Case, without being exhaustive, include:

a) to assist, advise, and represent Debtor in interactions with creditors and interested parties and their attorneys and agents as is necessary during the pendency of this Chapter 11 Case.

b) to assist, advise, and represent the Debtor in reviewing claims and where necessary objecting to claims;

DECLARATION OF C. ALEX NAEGELE IN SUPPORT OF APPLICATION TO EMPLOY
C. ALEX NAEGELE, APLC AS GENERAL BANKRUPTCY COUNSEL AND TO PAY POST-PETITION RETAINER - 2

Case: 18-51436    Doc# 205-1    Filed: 04/08/21    Entered: 04/08/21 15:45:54    Page 2 of 7

c) to assist, advise and represent the Debtor in any issues associated with the acts, conduct, assets, liabilities, and financial condition of the Debtor, and any other matters relevant to this case or to the formulation of the plan(s) or reorganization or liquidation;

d) to assist, advise, and represent the Debtor in the negotiation, formulation, preparation and submission of any plan(s) of reorganization and disclosure statement(s);

e) to assist, advise and represent the Debtor in the performance of its duties and the exercise of its powers under the Bankruptcy Code and the Bankruptcy Rules and in the performance of such other services as are in the interest of the Debtor;

f) to appear at all Bankruptcy Court hearings, U.S. Trustee meeting and meeting(s) of creditors on behalf of the Debtor.

g) to prepare monthly operating reports and other tax and accounting work;

h) to assist, advise, and represent the Debtor on litigation matters, as necessary to the reorganization of the Debtor;

i) to analyze tax claims, and to prepare a chapter 11 plan that complies with all relevant bankruptcy codes vis a vis tax claims;

j) to object and/or litigate against tax claims, as necessary to the reorganization of the Debtor; and

i) to provide such other necessary advice and services as the Debtors may require in connection with this case.

9. The Debtor is not sufficiently familiar with the law to adequately plan and conduct the proceedings herein without competent legal counsel, and deems it necessary to employ the Firm to perform all tasks reasonably necessary for representation in this Chapter 11 Case. The Debtor has selected the Firm based on the firm's expertise in the bankruptcy field.

10. On or around March 31, 2021, the Debtor signed an attorney-client fee agreement. A copy of this fee agreement is attached as Exhibit A.

11. As the primary attorney for the Firm, I am well versed in business bankruptcy and have been involved in representing many different types of clients in various business bankruptcy cases, as follows:

- Case No. 19-51094 MEH – *In re Amir Safakish* – I was the lead general bankruptcy counsel to this individual Debtor-in-Possession, similar to the case at bar, and successfully moved to sell the real property to avoid a default. After competing chapter 11 plans were filed, the Court ultimately confirmed the creditors plan. The Debtor complied with the creditors plan, and the case was successfully resolved. Plan confirmed: September 2, 2020.

- Case No 17-30515-HLB – *In re Montgomery Sansome, LP* – I was the lead general bankruptcy reorganization counsel to this small business corporate debtor. After numerous first day motions, and three lengthy mediations, the case was successfully confirmed on June 4, 2018.

- Case No. 2:16-bk-13575-TD (Los Angeles) – *In Re Liberty Asset Management Corporation.* I served as the chair of the committee of general unsecured creditors, representing all creditors in the large chapter 11 case, including communicating regularly with committee counsel Pachulski, Stang, Ziehl & Jones LLP and the committee's forensic accountants, Development Specialists, Inc. Plan confirmed: June 18, 2018

- Case No. 14-52222 – *In re Dene and Melodie Bustichi* – I was the lead general bankruptcy reorganization counsel, and was the fourth attorney to be involved in the case as general bankruptcy reorganization counsel, and was hired after a chapter 11 trustee was appointed to the case. I worked with the chapter 11 trustee to confirm a chapter 11 plan. A chapter 11 plan was ultimately confirmed in this case at a confirmation hearing held on June 21, 2017.

- Case No. 14-54232, formerly Bk No. 12-46534. *In re Pacific Thomas Corporation*. I served as counsel to the equity security holders with issues involving defending insider transfers in an adversary proceeding brought by the chapter 11 trustee, filing administrative proofs of claim for work done post-petition, maximizing value to the equity security holders, and tax issues.

12. I have prosecuted numerous bankruptcy tax cases in bankruptcy court, as follows:

- Adv. Pro. No. 13-05078 – *Cote v. Employment Development Department* - In this case, the firm filed an adversary proceeding to determine dischargeability of certain employment related tax claims. After numerous rulings, appeals, and prosecutions in bankruptcy court,

district court, the Ninth Circuit, and back again, all taxes were ultimately determined to be discharged.

- Adv. Pro. No. 13-04040 – *Young v. Untied States of America, et. al* – In this case, the Firm filed an adversary proceeding to determine dischargeability of debts against the IRS and the Franchise Tax Board. After lengthy litigation, the Debtor settled with the IRS and stipulated that certain taxes were dischargeable.

- Adv. Pro. No. 13-04121 – *Gomez v. California Franchise Tax Board* – This case likewise involved dischargeability of tax issues, which were successfully resolved in favor of the Debtor.

13. Additionally I have prosecuted numerous cases that have tax aspects to them, including chapter 11 administrative priority taxes to be paid (19-51094 – *In re Amir Safakish*), the ability to pay priority taxes over greater than 5 years outside of bankruptcy, thereby justifying dismissal (19-30003 – *In re Koliatsis*), whether S corporation election revocation shifts taxes to the estate or the K-1 partners (14-54232 – *In re Pacific Thomas Corporation)* and of course tax dischargeability following discharge (20-50009 – *In re Waterloo*).

14. I am the primary attorney of C. Alex Naegele, A Professional Law Corporation. I have been nominated as a Super Lawyer rising star in the field of business bankruptcy law from 2016 to present. A true and correct copy of my Super Lawyers profile is attached as Exhibit B. I hold an LL.M. in Taxation from New York University School Of Law. I have completed two out of the three courses put on by the Association Of Restructuring And Insolvency Advisors ("ARIA"). ARIA holds courses in Chapter 11 bankruptcy to teach accountants to become certified to practice Chapter 11 accounting work. I have attended numerous Bay Area Bankruptcy Forum (BABF) events as well as conferences put on by the National Association Of Bankruptcy Attorneys (NACBA).

## II. The Firm's Disinterestedness

15. The Firm commenced rendering services to the Debtor on or about March 31, 2021. The Debtor provided the firm with no retainer. By the Application, the Firm seeks payment of a $15,000 retainer from non-estate funds. Specifically, the $15,000 retainer is to be

paid by the Debtor Sunil K Vethody's limited liability company Maximus Consulting LLC, not from the Debtors' DIP account.

16. To the best of my knowledge, the Firm is a disinterested person as contemplated in Section 101(14) of the Bankruptcy Code.

17. The Firm previously made a special appearance on behalf of Keon Safakish, who is the son of the Debtor, who purchased the 1st Deed of Trust from Wells Fargo on the Debtor's commercial building.

18. The Firm's representation extended to attending a 1 day deposition, and specially attending one hearing. At the time, the Firm was not the primary counsel for Keon Safakish, who had retained other primary counsel to respond to the subpoena issued by the Vanni Creditors. The Firm's representation of Keon Safakish ended in 2018.

19. The Firm believes that the special appearance made on behalf of Keon Safakish is not an issue to preclude the Firm's employment of the Debtor. However, out of an abundance of caution, the Firm secured a conflict of interest waiver from both the Debtor and Keon Safakish. The conflict of interest waiver is attached as Exhibit C.

20. Aside from the special appearance made on behalf of Keon Safakish, the Firm does not have any connection with the Debtor, any creditors of the estate, any party in interest, their attorneys or accountants, any bankruptcy judge of this Court, the United States Trustee or any person employed in the office of the United States Trustee.

21. The Firm is not a creditor, an equity security holder or an insider of the Debtor, nor was the Firm ever a director, officer or an insider of the Debtor.

22. To the best of my knowledge, the Firm does not have any connection with the Debtor, any creditors of the estate, aside from previously noted, any party in interest, their attorneys or accountants, any bankruptcy judge of this Court, the United States Trustee or any person employed in the office of the United States Trustee.

23. To the best of my knowledge, the Firm does not hold any interest materially adverse to the Debtor's bankruptcy estate, or of any class of creditors or equity security holders,

DECLARATION OF C. ALEX NAEGELE IN SUPPORT OF APPLICATION TO EMPLOY
C. ALEX NAEGELE, APLC AS GENERAL BANKRUPTCY COUNSEL AND TO PAY POST-PETITION RETAINER - 6

Case: 18-51436    Doc# 205-1    Filed: 04/08/21    Entered: 04/08/21 15:45:54    Page 6 of 7

by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

24. The Firm does not employ any person who is related to a judge of this Court or the United States Trustee for Region 17. Each attorney at the Firm is familiar with the Bankruptcy Code; Bankruptcy Rules, Local Bankruptcy Rules, and United States Trustee Guidelines and will comply with them.

### III. Terms of Employment

25. The Debtor has agreed to the Firm's employment in accordance with the Fee Agreement attached hereto as Exhibit A. The primary attorney expected to have primary responsibility for this case is C. Alex Naegele, Esq. whose hourly billing is $300 per hour. Paralegal time is charged at $75 per hour.

26. There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among the members and associates of the Firm.

27. The Firm understands that its compensation in this case is subject to prior approval of the Court, after notice and a hearing, in accordance with section 330 of the Bankruptcy Code and Rule 2016 of the Federal Rule of Bankruptcy Procedure, and the Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees. The Firm may seek interim compensation during the case at the times and in the amounts permitted by Bankruptcy Code Section 331 and Federal Rule of Bankruptcy Procedure 2016.

28. To the best of my knowledge, after conducting the investigation described above, I believe C. Alex Naegele, A Professional Law Corporation is eligible for employment by the Debtor pursuant to Bankruptcy Code section 327(a).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this April 8, 2021, at Cupertino, California.

        /s/ C. Alex Naegele
        C. Alex Naegele

DECLARATION OF C. ALEX NAEGELE IN SUPPORT OF APPLICATION TO EMPLOY
C. ALEX NAEGELE, APLC AS GENERAL BANKRUPTCY COUNSEL AND TO PAY POST-PETITION RETAINER - 7

Case: 18-51436    Doc# 205-1    Filed: 04/08/21    Entered: 04/08/21 15:45:54    Page 7 of 7