# Exhibit A

# C. ALEX NAEGELE

*A Professional Law Corporation*

19925 Stevens Creek Blvd, Suite 100  
Cupertino, CA, 95014  
Tel: (408) 883-8994

alex@canlawcorp.com  
www.canlawcorp.com  
Fax: (408) 490-3033

## AGREEMENT FOR EMPLOYMENT OF ATTORNEY

This Agreement is a written fee contract for services rendered for employment of counsel. C. Alex Naegele, A Professional Law Corporation ("Attorney" or "Law Firm"), agrees to provide legal services to you, Sunil K Vethody and Bindu Vethody, (collectively referred to herein as "Client"), on the terms set forth below:

1. **SCOPE OF SERVICES.** The Client hereby employs the attorney to represent, advise, and perform legal services for the client on matters related to any reorganization, workout agreement, bankruptcy proceeding, or similar transaction contemplated or entered into by the client, including the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code, and associated lawsuits related to such Chapter 11 bankruptcy filing. Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. Services in any matter not described herein will require a separate written agreement.

2. **LEGAL FEES AND BILLING PRACTICES.** Client agrees that C. Alex Naegele, the principal attorney of C. Alex Naegele, A Professional Law Corporation shall be paid at $300 per hour. Paralegal time shall be billed at $75 per hour. Attorney shall bill Client at its prevailing hourly rates, and shall submit to Client a billing statement that outlines the services rendered, hours spent on the Client's case, and the balance of legal fees owed. The client shall promptly pay such bills from its general funds, except that if a bankruptcy case is filed, such bills shall not be paid unless allowed by the Bankruptcy Court. Thereafter, your Bankruptcy Estate will be obligated to pay for fees, costs, disbursements, and expenses, all subject to being approved by the U.S. Bankruptcy Court. The time charged will include the time Attorney spends on telephone calls relating to Client's matter, including calls with Client, witnesses, opposing counsel or court personnel. Time is charged in minimum units of one-tenth (. 1) of an hour.

3. **RETAINER.** The Client agrees to pay the Attorney, a retainer (the "Retainer") of $15,000.00 for services performed or to be performed under this contract, subject to bankruptcy court approval. Client has arranged for Other Payor, outlined in Paragraph 4 below, to come up with the $15,0000 retainer using non-restate funds. However, any amounts in excess of the $15,000 retainer may become an obligation of the Client's bankruptcy estate. By signing below, Client represents that payment of such funds in excess of the $15,000 will not unduly burden Client or Client's bankruptcy estate for continuation of payment of Client's regular future operating business expenses and payment of all critical vendors, taxes, secured creditors, insurance, and other necessary creditors.

The hourly charges will be charged against the Retainer. Client authorizes Attorney to use that fund to pay the fees and other charges as they are incurred. Payments from the fund will be made upon remittance to client of a billing statement. The Attorney shall first apply the retainer toward services rendered or expenses incurred under this contract. The client shall promptly pay such bills from its general funds, except that if a bankruptcy case is filed, such bills shall not be paid unless allowed by the bankruptcy court. Thereafter, your Bankruptcy Estate will be obligated to pay for fees, costs, disbursements, and expenses, all subject to being approved by the U.S. Bankruptcy Court.

4. **OTHER PAYOR.** Client has informed Attorney that Client has arranged for Maximus Consulting LLC, Sunil K Vethody's wholly owned LLC to be responsible for the $15,000 retainer payment referenced in paragraph 4. It is understood that, should the bankruptcy court approve an application to employ of Attorney and approval of compensation motion, any amounts in excess of the $15,000 retainer will become an obligation of Client's bankruptcy estate. It is understood that the attorney/client relationship will only exist between Attorney and Client, and that Maximus Consulting LLC will have no right to information regarding the representation of Client by Attorney, and have no right to control or direct the Attorney in providing the services under this Agreement, unless specifically approved by Client.

5. **COSTS AND OTHER CHARGES.** Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses in addition to the hourly fees. All costs and expenses will be charged at Attorney's cost. If a Chapter 11 bankruptcy case is filed, reimbursement for costs is subject to Bankruptcy Court approval.

6. **BILLING STATEMENTS.** Attorney will send Client periodic statements for fees and costs incurred. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

7. **EMPLOYMENT.** The Attorney warrants that the Attorney is knowledgeable in the fields of law to be dealt with in the performance of this contract; that the Attorney is experienced in bankruptcy practice and Chapter 11 reorganization proceedings; that the Attorney has no connection with the Client, the client's creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee that would preclude the attorney from representing the Client as a debtor in possession in a Chapter 11 case; and that the Attorney does not hold or represent an interest that would be adverse to the interest of the Client's estate in a chapter 11 case.

8. **LIMITATION OF REPRESENTATION.** The services to be performed by the attorney under this contract include the following:
   a. Provide legal advice to and representation for the client with respect to any reorganization, workout agreement, bankruptcy proceeding, or other agreement or transaction proposed or entered into by the client.

  b. Prepare any instruments, agreements, pleadings, or other documents necessary to effectuate any reorganization, workout agreement, bankruptcy proceeding, or other agreement or transaction proposed or entered into by the client.

  c. Represent the client in any action, proceeding, trial, conference, meeting, hearing, negotiation, or other proceeding or transaction in which the client is or becomes involved as a result of any reorganization, workout agreement, bankruptcy proceeding, or other agreement or transaction proposed or entered into by the client.

  d. Should the client file a voluntary petition under Chapter 11 of the United States Bankruptcy Code, the attorney shall, with the assistance and cooperation of the client and its agents and employees, perform the following services:

   A. prepare and file on behalf of the client all petitions, schedules, statements, plans, and other documents or pleadings;

   B. attend and represent the client at all meetings of creditors, hearings, trials, conferences, negotiations, and other proceedings, whether in or out of court;

   C. provide legal advice to the client as to the rights, duties, and powers of the client as a Chapter 11 debtor in possession, and as to other matters arising in or related to the Chapter 11 case, including the formulation, presentation and confirmation of a plan of reorganization; and

   D. otherwise assist, advise, and represent the client on matters related to the Chapter 11 case as requested by the client.

   E. prepare monthly operating reports and tax returns, as necessary.

   F. prosecute and defend lawsuits necessary to the reorganization process, as necessary.

  **9.**  **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, failure to pay attorney's bills on time, misrepresentation of a material fact, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

  **10.** **DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no representations that a Chapter 11 plan will be approved by the Court. Attorney's comments about the outcome of the matter are expressions of opinion only.

  **11.** **MISCELLANEOUS.**
  (a) This agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signature of a facsimile or .pdf copies of this agreement shall be deemed an original for all lawfully enforceable purposes.

  (b) This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

  (c) If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

(d)     This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

(e)     This contract is governed by the laws of the State of California. Both parties agree to mediation or arbitration prior to entering into litigation to enforce the terms of this agreement.

12.     **EFFECTIVE DATE**. This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date set forth on the signature line below is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

The parties have read and understood the foregoing terms and agree to them as of the date attorney first provided services. Client shall receive a fully executed duplicate of this agreement.

IN WITNESS WHEREOF the parties have executed this agreement as of the day and year first above written.

Dated: 03/30/21

_____
Sunil K Vethody

Dated: 03/30/21

_____
Bindu Vethody

**MAXIMUS CONSULTING LLC**

Dated: 03/30/21

_____
By: Sunil K Vethody, Sole Member

**C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION**

Dated: 03/31/21

_____
By: C. Alex Naegele, President and Managing Attorney